UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS STOCKLAN,          ) | |
|         Plaintiff     ) | |
|         )            | |
| v.                                        ) | Civil Action No. |
|         )            | |
| ZWICKER & ASSOCIATES, P.C.,  ) | |
| JAMES BALLENTINE, and         ) | |
| AMERICAN EXPRESS CENTURION BANK,) | |
|         Defendants ) | |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). In this action, plaintiff contends that defendants violated his rights under the FDCPA by deducting excessive amounts from his bank account and filing suit against him even though he was in full compliance with a payment agreement.

**Parties**

1. Plaintiff Douglas Stocklan is an individual who at all relevant times has resided in Framingham, Middlesex County, Massachusetts.

2. Defendant Zwicker & Associates, P.C. ("Zwicker") is a Massachusetts law firm with a principal place of business in Andover, Massachusetts.

3. Defendant James Ballentine ("Ballentine") is an individual who at relevant times has been employed as a collection attorney by Zwicker.

4.  Defendant American Express Centurion Bank ("AmEx") is a banking institution having a principal place of business in Salt Lake City, Utah, which conducts business in the Commonwealth of Massachusetts.

### Jurisdiction and Venue

5.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

7.  At all relevant times defendants have been "debt collectors" within the meaning of 15 U.S.C. §1692a(6).

8.  In or about 2009, plaintiff was notified by Zwicker that it had been hired to collect a consumer debt allegedly owed by plaintiff to AmEx.  Plaintiff contacted Zwicker and entered into an agreement to pay $491 per month toward satisfaction of the alleged debt.  Plaintiff further agreed that the monthly payment could be electronically withdrawn from his bank account.

9.  In February, 2010, Zwicker withdrew unauthorized funds from plaintiff's account in the amount of $987.00.  Plaintiff contacted Zwicker and was told that the withdrawal was a "clerical mistake."  It took Zwicker approximately two months to return plaintiff's funds.

10. Despite being in full compliance with the above-described payment agreement, Ballentine and Zwicker filed suit on behalf of AmEx against plaintiff in the Middlesex Superior Court, and on May 6, 2010, a deputy sheriff served plaintiff with the summons and complaint.

11. The Superior Court complaint alleged, in part, that plaintiff "failed and refused, and continues to fail and refuse, to pay the amounts due and owing on the account." It further alleged, in part, that plaintiff "has failed, neglected and refused to pay the debt," and that plaintiff "has refused to pay the Plaintiff."

12. That same day, May 6, plaintiff immediately contacted Zwicker and was told that the lawsuit had been filed in error. Plaintiff was transferred to an attorney in Zwicker's office, who stated that the case would be dismissed immediately and that plaintiff would be notified. On information and belief, this attorney was defendant Ballentine.

13. On May 17, 2010, not having been notified of a dismissal, plaintiff called Ballentine. Ballentine stated that the matter was "at the top of his list" and that it would be taken care of "right away."

14. As of present, on information and belief the lawsuit against plaintiff remains pending.

15. All of the above-described actions and omissions of defendants Zwicker and Ballentine were committed on behalf of AmEx and in the course of acting as AmEx's attorneys and agents with respect to the collection of the alleged consumer debt.

## COUNT I

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. Zwicker's unauthorized withdrawal of $987.00 from plaintiff's bank account constituted an unfair means of attempting to collect a debt, in violation of 15 U.S.C. §1692f.

18. As a result of Zwicker's unlawful conduct, plaintiff suffered inconvenience, a temporary loss of money, and severe emotional distress and mental anguish.

     WHEREFORE, plaintiff prays for judgment against Zwicker and AmEx, jointly and severally, awarding him actual damages, statutory damages, interest, costs, and reasonable attorney's fees

## COUNT II

19. The allegations of paragraphs 1 – 18 are incorporated herein as if fully set forth.

20. The conduct of Zwicker and Ballentine in filing suit against plaintiff despite the fact that plaintiff was in full compliance with the repayment agreement constituted an unfair means of attempting to collect a debt, in violation of 15 U.S.C. §1692f.

21. As a result of defendants' unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in a number of physical symptoms, including but not limited to headaches, loss of sleep, and distraction from daily activities.

     WHEREFORE, plaintiff prays for judgment against all defendants, jointly and severally, awarding him actual damages, statutory damages, interest, costs, and reasonable attorney's fees.

## COUNT III

22. The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

23. The conduct of Zwicker and Ballentine in filing suit against plaintiff despite the fact that plaintiff was in full compliance with the repayment agreement constituted abuse and harassment in violation of 15 U.S.C. §1692d.

24. As a result of defendants' unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in a number of physical symptoms, including but not limited to headaches, loss of sleep, and distraction from daily activities.

   WHEREFORE, plaintiff prays for judgment against all defendants, jointly and severally, awarding him actual damages, statutory damages, interest, costs, and reasonable attorney's fees.

### COUNT IV

25. The allegations of paragraphs 1 – 24 are incorporated herein as if fully set forth.

26. The allegations in the complaint set forth in paragraph 11, above, were false, misleading, and deceptive in violation of 15 U.S.C. §1692e.

27. As a result of defendants' unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in a number of physical symptoms, including but not limited to headaches, loss of sleep, and distraction from daily activities.

   WHEREFORE, plaintiff prays for judgment against all defendants, jointly and severally, awarding him actual damages, statutory damages, interest, costs, and reasonable attorney's fees.

### COUNT V

28. The allegations of paragraphs 1 – 27 are incorporated herein as if fully set forth.

29. The allegations in the complaint set forth in paragraph 11, above, constituted the use of false representations and deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §1692e(10).

30. As a result of defendants' unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in a number of physical symptoms, including but not limited to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for judgment against all defendants, jointly and severally, awarding him actual damages, statutory damages, interest, costs, and reasonable attorney's fees.

### COUNT VI

31. The allegations of paragraphs 1 – 30 are incorporated herein as if fully set forth.

32. The allegations in the complaint set forth in paragraph 11, above, misrepresented the legal status of the debt in violation of 15 U.S.C. §1692e(2)(A).

33. As a result of defendants' unlawful conduct, plaintiff suffered severe emotional distress and mental anguish, resulting in a number of physical symptoms, including but not limited to headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for judgment against all defendants, jointly and severally, awarding him actual damages, statutory damages, interest, costs, and reasonable attorney's fees.

**Plaintiff claims trial by jury.**

DOUGLAS STOCKLAN, plaintiff
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com